**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>              Plaintiff,<br><br>v.<br><br>760 W Kent Pl., Chandler, AZ 85225, et al.,<br><br>              Defendants. | No. CV-14-00817-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's "Motion for Leave Second Amended Verified Complaint for Forfeiture *in Rem*" [sic] (Doc. 8). The Court now rules on the motion.

**I.     Background**

The Government filed this civil forfeiture action in rem pursuant to 18 U.S.C. § 981 to forfeit to its possession certain real property titled in the name of Claimant Elseddig Musa. (Doc. 1). Six days after the Government filed its initial complaint, it amended its complaint as a matter of course. (Doc. 4). Claimant subsequently filed a claim to the property that is the subject of this action, (Doc. 6), and answered the First Amended Complaint, (Doc. 7).

The Government now seeks leave to amend its complaint to add as defendants five sums of money seized from bank accounts titled in the name of Claimant or Claimant's entity (the "Accounts"). (Doc. 8 at 2). The Government asserts that the Accounts are forfeitable based upon the same statutes and facts alleged in the original complaint. (*Id.*)

## II. Legal Standard

Federal Rule of Civil Procedure ("Rule") 15 provides, in relevant part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(B). The decision whether to grant leave to amend lies "within the sound discretion of the trial court." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Furthermore, the Ninth Circuit Court of Appeals has decreed that district courts should grant leave to amend "with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). This comports with the purpose of Rule 15 in "facilitat[ing] decision on the merits rather than on the pleadings or technicalities." *DCD Programs*, 833 F.2d at 186.

In determining whether to grant a motion for leave to amend, a court should consider four factors: "bad faith, undue delay, prejudice to the opposing party, and[] futility." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Id.* "The party opposing the amendment bears the burden of showing why the amendment should not be granted." *ABM Indus., Inc. v. Zurich Am. Ins. Co.*, 237 F.R.D. 225, 227 (N.D. Cal. 2006); *see also DCD Programs*, 733 F.2d at 188; *Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988).

## III. Analysis

Claimant's sole argument in opposition to amendment is that the Government was aware of the existence of the Accounts "from the beginning" and because the Government had the opportunity to name the Accounts in both the initial complaint and the First Amended Complaint but failed to do so, it should not be permitted to now add them to this action. (Doc. 9 at 2). Claimant asserts that the Government first attempted to forfeit the Accounts via administrative forfeiture but Claimant filed an objection to this process. (*Id.*) Claimant implies that it is unjust for the Government, "over four months

later," to attempt to forfeit the Accounts via judicial forfeiture. (*Id.*)

Claimant fails, however, to point to any legal authority that bars the Government from properly naming the Accounts as the defendant in a civil forfeiture action. Moreover, the Government asserts that if leave to amend is denied, it will file a separate civil forfeiture action naming the Accounts as defendants pursuant to its right to do so under 18 U.S.C. § 983(a)(3). (Doc. 10 at 2). Claimant's scant arguments concerning undue delay and prejudice do not show why the Court should deny leave to amend.

## IV. Conclusion

For the foregoing reasons,

**IT IS ORDERED** granting the Government's "Motion for Leave Second Amended Verified Complaint for Forfeiture *in Rem*" [sic] (Doc. 8).

**IT IS FURTHER ORDERED** that the Government shall file its amended complaint within 14 days from the date of this Order.

Dated this 10th day of September, 2014.

James A. Teilborg
Senior United States District Judge